[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this summary process action, the plaintiff caused a notice to quit which stated two grounds to be served. The first ground was lapse of time; the second reason was that the right or privilege had terminated. A two count complaint repeated the grounds. At the hearing, the plaintiff abandoned the first ground, and proceeded entirely on the theory that although the defendant once had the right or privilege to occupy the premises under a rental agreement, that right had terminated.
At the hearing, it was established that the defendant has not paid rent since 1994. In a prior summary process action, the defendant prevailed: although there had been allegations of lapse of time and nonpayment of rent, the court, DiPentima J., found that there had been a lease, but it had lapsed and there was no subsequent rental agreement. There thus could be no viable cause of action for nonpayment of rent or for lapse of time.
There has been no significant change of circumstance between the parties since that time, but § 47a-23 (a) of the General Statutes has been amended to allow for the eviction of one who had the right or privilege to occupy premises under a lease or rental agreement, but whose right or privilege has terminated. This is precisely such a case. The defendant has claimed that the premises were not habitable, but the only effect of uninhabitability, if true, would be that there would have been no obligation to pay rent. As there is no obligation to pay rent in any event, any issue as to habitability is only academic. Judgment may enter for the plaintiff.
Beach, J.